DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

AT MARCH TERM, 1858.

---

JOHN HARDCASTLE, Collector, etc., *vs.* THE STATE, JAMES HODGE, prosecutor.

1. Where a tax, for the purpose of building a school-house, is ordered to be assessed under the act of 1851, (*Nix. Dig.* 739) the sworn certificate, delivered by the trustees to the assessor, should show all the facts necessary to render the taxation legal, and that those facts are within the knowledge of at least two of the trustees, and should be verified by their oath.

2 A certificate that the meeting was called "in accordance with the act," is not sufficient: it should show what the notice was, and how given.

---

In error to the Supreme Court.

This cause came before the Supreme Court on *certiorari*, to set aside the assessment of a tax levied for the purpose of building a school-house. The Supreme Court set aside the assessment, and the defendant in *certiorari* removed the cause to this court by writ of error.

*Dayton*, for plaintiff in error.

*Shipman* and *Dilts*, for defendants.

551

The opinion of the court was delivered by

The CHIEF JUSTICE.    This case came before the Supreme Court upon a *certiorari*, issued to remove the assessment of a tax upon the prosecutor, assessed under the provisions of the eleventh section of the supplement to the act to establish public schools, approved March 14th, 1851, (*Nix. Dig.* 739.)    That court set aside the assessment as illegal, upon the ground that the certificate furnished by the trustees to the assessor was not in compliance with the statute.    Of this decision the plaintiff in error complains.

The decision of the question cannot depend upon the rule of the common law requiring tribunals possessing a special limited jurisdiction to show, upon the face of their proceedings, everything necessary to the exercise of their authority.    The true inquiry is, whether the certificate of the trustees is in compliance with the statute; and if it is not, then whether the validity of the assessment is thereby impaired.

The act authorizes the trustees of any incorporated school district to call a meeting of the taxable inhabitants of the district, in the mode and for the purposes specified in the statute, and authorizes the inhabitants so met to raise, by taxation, any such sum of money as two-thirds of the inhabitants so assembled shall agree to.    The act further directs, that in case any money shall be ordered by a vote of two-thirds of said meeting to be raised by taxation, two, at least, of said trustees shall make out and sign a certificate thereof, under oath or affirmation, that the same is correct and true, and deliver the same to the assessor, &c., which said assessor shall assess * * * such sum of money as shall have been ordered to be raised by the said meeting in *manner aforesaid.*

It is clear that the assessment can only be made for money ordered to be raised by a meeting held pursuant to the statute, and in the manner therein prescribed; and

that the sole warrant of the assessor for making the assessment is the certificate of the trustees, under oath or affirmation, of that fact. The only written authentication of the acts of the trustees, which are essential to the legality of the meeting, or of the proceedings of the meeting itself, is the certificate furnished to the assessor. The trustees are not required to keep a record of their proceedings, nor is any provision made for recording and authenticating the proceedings of the meeting itself, as is done in case of town meetings. *Nix. Dig.* 835, § 16. The only record evidence of the entire proceedings upon which the legality of the assessment rests, is to be sought for in the certificate of the trustees furnished to the assessor. There is obvious propriety, therefore, in showing, upon the face of the certificate, all the facts essential to the validity of the assessment.

It is clear, however, that the court cannot enlarge the requirements of the statute, and it is insisted that the act requires only that the certificate should state the sum ordered to be raised, and that it was by a vote of two-thirds of the meeting. But the requirement of the act is more comprehensive. Its language is, "in case any money shall be ordered by a vote of two-thirds of *said meeting* to be raised by taxation, two, at least, of said trustees shall make out and sign a certificate thereof," *i. e.*, a certificate of the amount ordered to be raised by a vote of two-thirds of a meeting, convened in the manner and for the purpose authorized by the statute. This is the fair and obvious import of the language of the statute. This requirement the trustees have not complied with. They have stated the amount ordered to be raised, and the vote by which the resolution was adopted. They have also stated that the meeting was held within the district at the time specified in the notice, but they have not stated when or how that notice was given. The certificate simply states that notice was made in accordance with the act. But that is a conclusion of law, which the legislature could

Hardcastle v. State.

scarcely have intended that the trustees should certify, much less verify by oath or affirmation.   By requiring the oath, it is obvious that the design of the legislature was that the facts which constitute the legality of the notice, and which are essential to the validity of the assessment, should be set out in the certificate.   They intended that all the facts necessary to render the taxation legal should be within the knowledge of at least two of the trustees, and should be verified by their oath.

It is proper not only that the assessor should be furnished with evidence that the order to raise the money emanates from the proper authority, but also that the tax-payer may know that he is lawfully assessed ; and such may be presumed to have been the intention of the legislature in making the provision.   It is true that the act does not require that the certificate should be recorded, or otherwise preserved by the assessor, or exhibited to the tax-payers.   But the omission of such requirement is not of itself sufficient to vary the fair import, or to limit the obvious meaning, of the provisions of the statute.

In the absence of the certificate required by the act, the assessor could not be constrained to make the assessment, nor would he be guilty of a breach of duty by omitting or refusing so to do ; and if the assessment be made without the certificate prescribed by the statute, the tax-payer may object that he is assessed without lawful authority.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—The CHANCELLOR, the CHIEF JUSTICE, and Judges HAINES, RYERSON, CORNELISON, SWAIN, VALENTINE and WOOD.

*For reversal*—None.

CITED *in State* v. *Donahay*, 1 *Vr.* 405; *State* v. *Garrabrant*, 3 *Vr.* 445; *State* v. *Greenleaf*, 5 *Vr.* 442; *State* v. *Palmer*, 10 *Vr.* 251.